# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| NICOLE CALARCO,<br>    Plaintiff,<br><br>    v.<br><br>UNILEVER UNITED STATES,<br>    Defendant. | No. 3:16-cv-01535 (SRU) |

## CONFERENCE MEMORANDUM AND ORDER

On June 5, 2017, I held a telephone conference on the record with James V. Sabatini, attorney for the plaintiff, Nicole Calarco; and Victoria Woodin Chavey, attorney for the defendant, Unilever United States ("Unilever"). The purpose of the call was to discuss Calarco's failure to serve initial disclosures or respond to Unilever's written discovery requests.

Attorney Sabatini represented that, after the lawsuit was filed, Calarco moved to Florida to care for her sick mother. Since moving, Calarco has not responded to entreaties to provide materials for discovery; has not made herself available for deposition; and has not issued a specific demand letter in order to enable settlement negotiations.

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order," the case may be "dismiss[ed]." Fed. R. Civ. P. 41(b). "Rule 41(b) . . . gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst*, 239 F.3d 206, 209 (2d Cir. 2001). Dismissal for failure to prosecute is a "harsh remedy" that must "be proceeded by particular procedural prerequisites, including notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard." *Baptiste v. Sommers*, 768 F.3d 212, 217 (2d

Cir. 2014) (internal quotation marks omitted); *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993). In addition, I must weigh the following five factors before dismissing the case:

> (1) [whether] the plaintiff's failure to prosecute caused a delay of significant duration;
>
> (2) [whether the] plaintiff was given notice that further delay would result in dismissal;
>
> (3) [whether the] defendant was likely to be prejudiced by further delay;
>
> (4) the need to alleviate court calendar congestion . . . carefully balanced against [the] plaintiff's right to an opportunity for a day in court; and
>
> (5) . . . the efficacy of lesser sanctions.

*United States ex rel. Drake v. Norden Sys.*, 375 F.3d 248, 254 (2d Cir. 2004).

Calarco's failure to respond to Unilever's discovery requests has "caused a delay of significant duration," contributed to "court calendar congestion," and "prejudiced" the defendant by frustrating Unilever's efforts to resolve the case. *See id.* Moreover, Calarco has been given "notice" because Attorney Sabatini represented that he repeatedly warned her that "further delay would result in dismissal." *See id.* For the same reason, I conclude that "lesser sanctions" would be ineffective in curing Calarco's lack of prosecution.

**I order Calarco to make initial disclosures and respond to Unilever's written discovery requests within 30 days**, and to be available for deposition promptly thereafter. If Calarco does not comply with this order, then **I will dismiss her case without prejudice**.

So ordered.

Dated at Bridgeport, Connecticut, this 7th day of June 2017.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge